**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| MOBILITY WORKX, LLC, | |
| *Plaintiff*, | |
| **v.** | Case No. 7:26-cv-00050-ADA |
| NVIDIA CORPORATION, | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

**DEFENDANT NVIDIA CORPORATION'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.   LEGAL STANDARD........................................................................................................ 2

    a.    Rule 12(b)(6) Failure to State a Claim..................................................................... 2

    b.    The Marking Requirement........................................................................................ 3

III.  BACKGROUND ............................................................................................................... 4

    a.    Case History............................................................................................................. 4

    b.    Mobility Workx Previously Asserted and Licensed the Asserted Patents.......................... 4

    c.    Mobility Workx's Complaint Does Not Allege Any Facts Showing the Licensed Products Comply with the Marking Requirement of 35 U.S.C. § 287 ..................................................... 8

IV.   ARGUMENT..................................................................................................................... 9

    a.    Mobility Workx's Claims for Pre-Suit Damages Should Be Dismissed for Failure to Plead Marking Compliance............................................................................................. 9

        i.    Mobility Workx provided no actual notice.................................................... 9

        ii.   Mobility Workx did not plead compliance with the marking requirement .................. 10

        iii.  Courts routinely dismiss claims for pre-suit damages at the pleading stage on materially identical facts ................................................................................ 10

        iv.   Mobility Workx cannot avoid § 287 by claiming non-practicing status .................. 12

    b.    Because Amendment Would Be Futile, the Court Should Dismiss Mobility Workx's Claims for Pre-Suit Damages with Prejudice ........................................................................ 13

V.    CONCLUSION.................................................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Medical Systems, Inc. v. Medical Engineering Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)....................................................................................3, 12

*Amin-Akbari v. City of Austin, Tex.*,
   52 F. Supp. 3d 830 (W.D. Tex. 2014)..............................................................................13

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)...............................................................................3, 10, 12

*Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)...........................................................................9, 11, 14

*Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020)..........................................................................3, 4, 9, 14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................2, 8, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................2, 8

*CXT Sys., Inc. v. Acad., Ltd.*,
   No. 218CV00171RWSRSP, 2020 WL 9936135 (E.D. Tex. Jan. 28, 2020)..............1, 9, 12, 13

*e-Watch Inc. v. Avigilon Corp.*,
   No. H–13–0347, 2013 WL 5231521 (S.D. Tex. Sept. 16, 2013) .......................................4, 11

*Ferguson v. Extraco Mortg. Co.*,
   264 F. App'x 351 (5th Cir. 2007) ....................................................................................8

*Frankel v. United States*,
   842 F.3d 1246 (Fed. Cir. 2016)........................................................................................8

*Halliburton Servs. v. Smith Int'l Inc.*,
   317 F. Supp. 2d 719 (E.D. Tex. 2004)................................................................................3

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001)................................................................................ *passim*

*Lubby Holdings LLC v. Chung*,
   11 F.4th 1355 (Fed. Cir. 2021) .......................................................................................11

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*,
195 F.3d 765, 771 (5th Cir. 1999) ......................................................................13

*Mobility Workx, LLC v. Amazon.com Services LLC*,
No. 4:24-cv-01060 (E.D. Tex. filed November 29, 2024)......................................5

*Mobility Workx, LLC v. AT&T Inc.*,
No. 4:23-cv-00594 (E.D. Tex. filed June 23, 2023) ..............................................4

*Mobility Workx, LLC v. Cisco Systems, Inc.*,
No. 4:24-cv-00799 (E.D. Tex. filed Sept. 2, 2024) ...............................................5

*Mobility Workx, LLC v. Comcast OTR1, LLC*,
No. 4:25-cv-00754 (E.D. Tex. filed July 11, 2025).................................................5

*Mobility Workx, LLC v. Dish Wireless, LLC*,
No. 4:24-cv-01064 (E.D. Tex. filed Dec. 3, 2024) ................................................5

*Mobility Workx, LLC v. Ericsson, Inc.*,
No. 4:24-cv-00796 (E.D. Tex. filed Sept. 2, 2024) ...............................................5

*Mobility Workx, LLC v. Intertek Testing Services NA, Inc.*,
No. 1:25-cv-1202 (N.D.N.Y. filed Sept. 2, 2025) .................................................5

*Mobility Workx, LLC v. Microsoft Corporation*,
No. 4:25-cv-01367 (E.D. Tex. filed Dec. 9, 2025) ................................................5

*Mobility Workx, LLC v. Nokia Corporation*,
No. 4:24-cv-00797 (E.D. Tex. filed Sept. 2, 2024) ...............................................5

*Mobility Workx, LLC v. Samsung Elec. Co., Ltd.*,
No. 4:24-cv-00798 (E.D. Tex. filed Sept. 2, 2024) ...............................................4

*Mobility Workx, LLC v. Spectrum Mobile, LLC*,
No. 4:25-cv-00752 (E.D. Tex. filed July 11, 2025).................................................5

*Mobility Workx, LLC v. T-Mobile US, Inc.*,
4:17-cv-00567 (E.D. Tex. filed Aug. 14, 2017)......................................................4

*Mobility Workx, LLC v. Verizon Commc'ns, Inc.*,
No. 4:17-cv-00872 (E.D. Tex. filed Dec. 18, 2017) ...............................................4

*Mobility Workx, LLC v. Wipro Limited*,
No. 4:25-cv-1243 (E.D. Tex. filed Nov. 18, 2025)..................................................5

*Nix v. Major League Baseball*,
62 F.4th 920 (5th Cir. 2023) ...............................................................................14

*Norris v. Hearst Tr.*,
   500 F.3d 454 (5th Cir. 2007) ................................................................................7

*Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*,
   No. 2024-1783, 2025 U.S. App. LEXIS 32893 (Fed. Cir. Dec. 17, 2025)..........................3, 12

*Rapponotti v. Hunter Warfield, Inc.*,
   No. 6:19-CV-523-ADA-JCM, 2020 WL 13441632 (W.D. Tex. Aug. 10, 2020).....................8

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017)..........................................................................13

*Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*,
   620 F.3d 465 (5th Cir. 2010) ...............................................................................14

*Stripling v. Jordan Prod. Co., LLC*,
   234 F.3d 863 (5th Cir. 2000) ...............................................................................13

*Univ. of Florida Research Foundation, Inc. v. Motorola Mobility LLC*,
   No. 0:13-cv-61120-KMM (S.D. Fla. filed May 16, 2013) .........................................4

*VDPP, LLC v. Volkswagen Grp. of Am.*,
   No. 4:23-cv-02961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024) ..................................10, 11

*Walker v. Beaumont Indep. Sch. Dist.*,
   938 F.3d 724 (5th Cir. 2019) ...............................................................................2, 8

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
   No. 2:17-CV-00456-JRG, 2018 WL 6787356 (E.D. Tex. Nov. 14, 2018).............................13

**Statutes**

35 U.S.C. § 287.................................................................................................. *passim*

35 U.S.C. § 287(a) ............................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................1, 2, 4, 15

Federal Rule of Evidence 201 ...............................................................................2, 8

iv

## I.    INTRODUCTION

Defendant NVIDIA Corporation ("NVIDIA") respectfully submits this Motion to Dismiss ("Motion") Plaintiff Mobility Workx, LLC's ("Mobility Workx") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The matter before the Court is straightforward. Mobility Workx seeks pre-suit damages on the '508 Patent, and asserts the already-expired '417 and '330 Patents, yet fails to plead compliance with the marking requirement of 35 U.S.C. § 287 ("Section 287").[1] That failure is dispositive— barring any recovery of pre-suit damages on the '508 Patent and requiring dismissal of Counts II and III, which are based on expired patents. And because this defect cannot be cured through amendment,[2] the Court should grant NVIDIA's Motion and dismiss the relevant claims with prejudice.

Mobility Workx and the prior assignees of U.S. Pat. Nos. 7,231,330 (the "'330 Patent"), 7,697,508 (the "'508 Patent"), and 8,213,417 (the "'417 Patent") (collectively, the "Asserted Patents") have previously asserted the same claims now at issue against numerous other defendants in the past. Those assertions resulted in settlements and Mobility Workx granting each of those defendants a license to practice the Asserted Patents. But Mobility Workx fails to include ***any modicum*** of a factual allegation that it and its licensees have complied with Section 287 by marking the products covered under the licenses with the Asserted Patents.

---

[1] The parties have stipulated to dismiss Mobility Workx's claims for pre-suit indirect infringement and willful infringement. Dkt. 15. Thus, this Motion is limited to the marking requirement and its consequences for Mobility Workx's pre-suit damages claims.

[2] *CXT Sys., Inc. v. Acad., Ltd.*, No. 218CV00171RWSRSP, 2020 WL 9936135, at *5 (E.D. Tex. Jan. 28, 2020) ("The Federal Circuit and other district courts have made clear that once apparatus and method claims are asserted, … the requirements of the marking statute are triggered ... ***This is true even where*** … ***the apparatus claims are later dropped***.") (quoting *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 U.S. Dist. LEXIS 218083, at *3 (E.D. Tex. Nov. 13, 2018)) (emphasis added).

Mobility Workx has not, and cannot, plead such compliance, and its claims for pre-suit damages for infringement of the Asserted Patents should be dismissed with prejudice. Additionally, because the '417 and '330 Patents expired prior to Mobility Workx providing NVIDIA with actual or constructive notice of alleged infringement via the filing of the Complaint, Counts II and III of Mobility Workx's Complaint should be dismissed in their entirety.

## II.    LEGAL STANDARD

### a.    Rule 12(b)(6) Failure to State a Claim

A complaint survives a Rule 12(b)(6) motion to dismiss only if it pleads sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While not a "probability requirement," the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions disguised as factual allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice" to prevent dismissal. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, "the factual information to which the court addresses its inquiry is limited to the (1) the [sic] facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

2

### b. The Marking Requirement

Section 287(a) of the Patent Act precludes relief for patent infringement when the patentee or its licensee "fails to mark properly products within the scope of the patent." *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326 (Fed. Cir. 2001). Section 287 is designed to "encourage marking, not merely to discourage the sale of unmarked products" and "prohibits a patentee from receiving any damages in a subsequent action for infringement after a failure to mark." *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020) ("*Arctic Cat II*").[3] Where the marking requirement is not satisfied, the patentee may not recover damages unless and until actual notice of infringement is provided to the accused infringer. 35 U.S.C. § 287(a); *Lans*, 252 F.3d at 1328; *Arctic Cat II*, 950 F.3d at 864 ("[t]he notice requirement to which a patentee is subjected cannot be switched on and off . . . . Thus, once a patentee begins making or selling a patented article, the notice requirement attaches, and the obligation imposed by § 287 is discharged only by providing actual or constructive notice.").[4] The patentee must not only mark the products that it and its licensees distribute, but must ***also stop*** distributing unmarked products. *Halliburton Servs. v. Smith Int'l Inc.*, 317 F. Supp. 2d 719, 723–24 (E.D. Tex. 2004) (citing *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1537–38 (Fed. Cir. 1993)).

---

[3] *See also Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 2024-1783, 2025 U.S. App. LEXIS 32893, at *8-9 (Fed. Cir. Dec. 17, 2025) ("The patentee is responsible for marking or providing notice, and whether he has done so 'is a matter peculiarly within his own knowledge.' … The patentee bears the burden of both pleading and proving that it complied with section 287(a)'s marking requirements. … 'A patentee's licensees must also comply with § 287, because the statute extends to persons making or selling any patented article for or under [the patentee].'") (internal citations omitted).

[4] Section 287 may also be satisfied via actual notice to an alleged infringer. But this notice must be of the infringement (not of the patent) and must come from the patentee. *See Lans*, 252 F.3d at 1327; *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994) ("[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement.").

At the pleading stage, to state a plausible claim for relief, the patentee bears the burden of pleading that the patentee, and any licensees to the patent, have satisfied the marking requirement. *See Arctic Cat II*, 950 F.3d at 864 ("A patentee's licensees must also comply with § 287.").

"The Federal Circuit . . . specifically allows addressing the § 287(a) issue through a motion to dismiss." *See e-Watch Inc. v. Avigilon Corp.*, No. H–13–0347, 2013 WL 5231521, at *3 (S.D. Tex. Sept. 16, 2013) (dismissing a claim for pre-suit damages under Rule 12(b)(6)) (citing *Lans*, 252 F.3d at 1328). Thus, where a patentee fails to plead compliance with the marking requirement or actual notice provisions of Section 287, they fail to state a claim for pre-suit damages for the alleged patent infringement. *Id*.

## III.    BACKGROUND

### a.    Case History

On February 16, 2026, Mobility Workx filed a complaint against NVIDIA in the Western District of Texas, Midland/Odessa Division, alleging infringement of the Asserted Patents. Dkt. 1. The Complaint asserts infringement of claims 7 and 14 of the '508 Patent, claims 3 and 6 of the '417 Patent, and claims 1–19 of the '330 Patent (together, the "Asserted Claims"). *Id*.

### b.    Mobility Workx Previously Asserted and Licensed the Asserted Patents

Mobility Workx (and the prior assignee of the Asserted Patents) asserted the same claims as it does here in several past cases, each of which was terminated prior to Mobility Workx's Complaint against NVIDIA.[5]

---

[5] Swope Decl., Ex. 1 (*Univ. of Florida Research Foundation, Inc. v. Motorola Mobility LLC*, No. 0:13-cv-61120-KMM (S.D. Fla. filed May 16, 2013) (asserting the '330 Patent)); Swope Decl., Ex. 2 (*Mobility Workx, LLC v. T-Mobile US, Inc.*, 4:17-cv-00567 (E.D. Tex. filed Aug. 14, 2017) (asserting the '508 and '417 Patents)); Swope Decl., Ex. 3 (*Mobility Workx, LLC v. Verizon Commc'ns, Inc.*, No. 4:17-cv-00872 (E.D. Tex. filed Dec. 18, 2017) (asserting the '330, '508, and '417 Patents)); Swope Decl., Ex. 4 (*Mobility Workx, LLC v. AT&T Inc.*, No. 4:23-cv-00594 (E.D. Tex. filed June 23, 2023) (asserting the '330, '508, and '417 Patents)); Swope Decl., Ex. 5 (*Mobility Workx, LLC v. Samsung Elec. Co., Ltd.*, No. 4:24-cv-00798 (E.D. Tex. filed Sept. 2,

Central to the marking requirement at issue in this Motion, Mobility Workx (or the prior assignee of the Asserted Patents) previously asserted at least claim 1 of the '330 Patent against Motorola, Verizon, AT&T, Samsung, Ericsson, Intertek, and Wipro[6], as well as at least claim 7 of the '508 Patent, and at least claims 3 and 6 of the '417 Patent and against AT&T, Samsung, Cisco, Ericsson, Nokia, Amazon, Dish, and Spectrum[7], as well as other apparatus claims of the '417 and '508 Patents against T-Mobile and Verizon.[8]

---

2024) (asserting the '330, '508, and '417 Patents)); Swope Decl., Ex. 6 (*Mobility Workx, LLC v. Cisco Systems, Inc.*, No. 4:24-cv-00799 (E.D. Tex. filed Sept. 2, 2024) (asserting the '508 and '417 Patents)); Swope Decl., Ex. 7 (*Mobility Workx, LLC v. Ericsson, Inc.*, No. 4:24-cv-00796 (E.D. Tex. filed Sept. 2, 2024) (asserting the '330, '508, and '417 Patents)); Swope Decl., Ex. 8 (*Mobility Workx, LLC v. Nokia Corporation*, No. 4:24-cv-00797 (E.D. Tex. filed Sept. 2, 2024) (asserting the '508 and '417 Patents)); Swope Decl., Ex. 9 (*Mobility Workx, LLC v. Amazon.com Services LLC*, No. 4:24-cv-01060 (E.D. Tex. filed November 29, 2024) (asserting the '508 and '417 Patents)); Swope Decl., Ex. 10 (*Mobility Workx, LLC v. Dish Wireless, LLC*, No. 4:24-cv-01064 (E.D. Tex. filed Dec. 3, 2024) (asserting the '508 and '417 Patents)); Swope Decl., Ex. 11 (*Mobility Workx, LLC v. Spectrum Mobile, LLC*, No. 4:25-cv-00752 (E.D. Tex. filed July 11, 2025) (asserting the '508 and '417 Patents)); Swope Decl., Ex. 12 (*Mobility Workx, LLC v. Comcast OTR1, LLC*, No. 4:25-cv-00754 (E.D. Tex. filed July 11, 2025) (asserting the '508 and '417 Patents)). In fact, Mobility Workx continues to follow its trend of litigating these same claims, having brought at least three other suits prior to bringing suit against NVIDIA, but resolving them *after* having brought suit against NVIDIA. Swope Decl., Ex. 13 (*Mobility Workx, LLC v. Intertek Testing Services NA, Inc.*, No. 1:25-cv-1202 (N.D.N.Y. filed Sept. 2, 2025) (asserting the '508, '417, and '330 Patents)); Swope Decl., Ex. 14 (*Mobility Workx, LLC v. Wipro Limited*, No. 4:25-cv-1243 (E.D. Tex. filed Nov. 18, 2025) (asserting the '508, '417, and '330 Patents)); Swope Decl., Ex. 15 (*Mobility Workx, LLC v. Microsoft Corporation*, No. 4:25-cv-01367 (E.D. Tex. filed Dec. 9, 2025) (asserting the '508 and '417 Patents)).

[6] Swope Decl., Ex. 16 (University of Florida and Rapid Mobile's First Amended Disclosure of Asserted Claims and Infringement Contentions against Motorola); Ex. 3, ¶ 65 (Verizon Complaint); Ex. 4, ¶ 36 (AT&T Complaint); Ex. 5, ¶ 29 (Samsung Complaint); Ex. 7, ¶ 28 (Ericsson Complaint); Ex. 13, ¶ 9 (Intertek Complaint); Ex. 14, ¶ 15 (Wipro Complaint).

[7] Swope Decl., Exs. 17, 18 ('508 and '417 claim charts against AT&T); Swope Decl., Exs. 19, 20 ('508 and '417 claim charts against Samsung); Ex. 6, ¶¶ 12, 21 (Cisco Complaint); Swope Decl., Exs. 21, 22 ('508 and '417 claim charts against Ericsson); Swope Decl., Ex. 7, ¶¶ 13, 22 (Nokia Complaint); Swope Decl., Exs. 23, 24 ('508 and '417 claim charts against Amazon); Swope Decl., Exs. 25, 26 ('508 and '417 claim charts against Dish); Swope Decl., Exs. 27, 28 ('508 and '417 claim charts against Spectrum).

[8] Ex. 2, ¶¶39, 53 (T-Mobile Complaint); Ex. 3, ¶¶36, 50 (Verizon Complaint).

For example, just as Mobility Workx alleges in the present litigation that NVIDIA's "Accused Handover Services/Products" (Dkts. 1-2; 1-4) infringe the '508 and '417 Patents[9], Mobility Workx previously cast a wide net in accusing a variety of mobile networking products of infringing the same or similar claims of the '508 and '417 Patents, including, for example, "Evolved – Universal Terrestrial Radio Access Network NodeB ('eNB'), Mobility Management Entity ('MME'), Serving Gateway ('S-GW'), and User Equipment ('UE') . . . Examples of UE include[d] the Samsung Galaxy S8," "examples of eNBs include[d] the Nokia 9926 eNodeB," "examples of MMEs include[d] the Nokia 9471 Wireless Mobility Manager," and "[e]xamples of S-GWs include[d] the Nokia 7750 Service Router."[10]

Likewise, just as Mobility Workx alleges that NVIDIA's "Accused Emulation Products/Services" (Dkt. 1-6) infringe the '330 Patent, Mobility Workx previously accused, in the litigations mentioned *supra*, a whole host of other network emulation products of infringing the

---

[9] NVIDIA disagrees with Mobility Workx's characterization of the Accused Products identified in Dkts. 1-2 and 1-4 as constituting "Handover Services/Products" and reserves all rights to challenge such characterization at the appropriate time.

[10] Ex. 3 at ¶¶21-26 (Verizon Complaint); *see also e.g.*, Ex. 2, ¶¶26-34 (T-Mobile Complaint identifying similar accused network components as Verizon); Exs. 17, 18 ('508 and '417 Patents claim charts attached to AT&T Complaint identifying AT&T's LTE network, and corresponding network components including "eNBs," "gNBs," "user equipment" and other components as comprising infringing systems); Exs. 19, 20 ('508 and '417 Patents claim charts attached to Samsung Complaint identifying "Samsung's Galaxy line of mobile devices," and corresponding network components); Swope Decl., Exs. 29, 30 ('508 and '417 Patents claim charts attached to Cisco Complaint identifying "Cisco's 4G LTE Advanced Pro Solutions products and services, Cisco's LTE Routers including Cisco's 880G, 890G, Branch Routers and SD-WAN appliances, Cisco's 5G Network Architecture products and services, Cisco's Cloud Core and Packet Core products and services for 5G and 4G, Cisco Network Convergence System (NCS) 500 Series products and services, and Cisco's Private 5G service"); Exs. 25, 26 ('508 and '417 Patents claim charts attached to Dish Complaint identifying Dish's "Boost Mobile Plans and Phones" and similar network components); Exs. 27, 28 ('508 and '417 Patents claim charts attached to Spectrum Complaint identifying Spectrum's "Mobile Plans and Phones" including its "TCL Flip 3 smartphone" and similar network components).

'330 Patent, including, for example, Motorola's "Drive Test Simulator," Verizon's "Device Testing and Certification Lab, which uses a system for emulating mobile network communications," AT&T's "Wireless Testing Lab" and "TRENDI" virtual testing environment, and Samsung's "Galaxy line of mobile devices."[11]

The prior cases were resolved through settlement, through which Mobility Workx licensed the defendants to practice the claims of the Asserted Patents.[12] In fact, Mobility Workx has already admitted to other Federal District Courts that it granted licenses to at least Motorola, T-Mobile, Verizon, AT&T, Samsung, Cisco, Ericsson, Nokia, Amazon, Dish, Spectrum, Comcast, Intertek, Wipro, and Microsoft to practice the Asserted Patents. *See* n.12 *supra*. While these admissions of previous licenses are not on the face of Mobility Workx's Complaint, they need not be to be considered in this Motion.[13]

---

[11] Ex. 1, ¶ 33 (identifying "Motorola's Drive Test Simulator"); Ex. 3, ¶¶ 65-69 (identifying Verizon's "Device Testing and Certification Lab"); Swope Decl., Ex. 31 at 1-7 ('330 claim chart attached to AT&T Complaint identifying AT&T's testing environments); Swope Decl., Ex. 32 at 1 ('330 claim chart attached to Samsung complaint identifying Samsung's Galaxy mobile devices).

[12] Swope Decl., Ex. 33 (Mediator's Report regarding settlement of Motorola action); Swope Decl., Ex. 34 (joint motion to stay and notice of settlement of T-Mobile action); Swope Decl., Ex. 35 (joint motion to dismiss Verizon action pursuant to settlement); Swope Decl., Ex. 36 (joint motion to dismiss AT&T action pursuant to settlement); Swope Decl., Ex. 37 (joint motion to stay and notice of settlement of Samsung action); Swope Decl., Ex. 38 (joint motion to stay and notice of settlement of Cisco action); Swope Decl., Ex. 39 (joint motion to stay and notice of settlement of Ericsson action); Swope Decl., Ex. 40 (joint motion to stay and notice of resolution of Nokia action); Swope Decl., Ex. 41 (joint notice of settlement and motion to stay pending final agreement of Amazon action); Swope Decl., Ex. 42 (joint motion to stay and notice of settlement of Dish action); Swope Decl., Ex. 43 (joint motion to stay and notice of settlement of Spectrum action); Swope Decl., Ex. 44 (joint motion to stay and notice of settlement of Comcast action); Swope Decl., Ex. 45 (text minute entry of settlement conference stating that negotiations were held and a settlement was reached in the Intertek action); Swope Decl., Ex. 46 (joint motion to stay and notice of settlement of Wipro action); Swope Decl., Ex. 47 (joint motion to stay and notice of settlement of Microsoft action).

[13] The Court can, and should, take judicial notice of Mobility Workx's statements, including outcomes of prior litigations, which are matters of public record. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice

7

### c. Mobility Workx's Complaint Does Not Allege Any Facts Showing the Licensed Products Comply with the Marking Requirement of 35 U.S.C. § 287

Despite this extensive history of asserting the Asserted Patents and licensing numerous defendants, Mobility Workx's Complaint against NVIDIA does not make any substantive attempt to plead compliance with 35 U.S.C. § 287. Rather than allege *a single fact* that might plausibly demonstrate that any licensed product is marked with the Asserted Patents, Mobility Workx simply declares that "the marking requirement of 35 U.S.C. § 287 does not apply." Dkt. 1 ¶¶ 18, 24, 30. This conclusory allegation is *precisely* the kind of "threadbare recital" that fails under *Iqbal* and *Twombly*.

Mobility Workx's allegation that Section 287 just "does not apply" is nothing but a "legal conclusion couched as a factual allegation," which "[a] [c]ourt is 'not bound to accept as true.'" *Rapponotti v. Hunter Warfield, Inc.*, No. 6:19-CV-523-ADA-JCM, 2020 WL 13441632, at *2 (W.D. Tex. Aug. 10, 2020) (citing *Iqbal*, 556 U.S. at 678). Indeed, "courts are not required to accept a complaint's legal conclusions"—and they should not be accepted here. *Frankel v. United States*, 842 F.3d 1246, 1249 (Fed. Cir. 2016). The Complaint contains *no indication* that Mobility Workx or any of its licensees ever marked any product with the Asserted Patents, nor does it plausibly explain *any basis* for why the marking requirement would not apply. That omission is telling given Mobility Workx's clear and extensive history of asserting apparatus claims and

---

of matters of public record."); *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("Federal Rule of Evidence 201 allows a court to take judicial notice of an 'adjudicative fact' if the fact is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned."); *see also Walker*, 938 F.3d at 735 (In determining whether a complaint states a plausible claim for relief, "the factual information to which the court addresses its inquiry" may include "matters of which judicial notice may be taken.").

licensing the Asserted Patents. There is no dispute that Section 287 applies and Mobility Workx failed to plead it. Accordingly, NVIDIA moves to dismiss the Complaint.

## IV.    ARGUMENT

### a.    Mobility Workx's Claims for Pre-Suit Damages Should Be Dismissed for Failure to Plead Marking Compliance

Each Asserted Patent contains apparatus claims—and Mobility Workx **asserts** at least one apparatus claim from **each** Asserted Patent. Specifically, Mobility Workx asserts claim 7 of the '508 Patent, claims 3 and 6 of the '417 Patent, and claims 1-10 of the '330 Patent. By asserting apparatus claims across all Asserted Patents, Mobility Workx triggered the marking requirement of 35 U.S.C. § 287(a). *See, e.g.*, *CXT Sys.*, 2020 WL 9936135, at *5.

Once the marking statute applies, damages do not accrue unless the patentee provides notice of infringement—either constructively through marking or via actual notice. 35 U.S.C. § 287(a); *Arctic Cat II*, 950 F.3d at 864; *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). Absent such notice prior to the filing of a lawsuit, a patentee is barred as a matter of law from recovering pre-suit damages. *Lans*, 252 F.3d at 1328; *Arctic Cat II*, 950 F.3d at 864. And where a patent expires without the patentee ever providing notice, no damages—equitable or monetary—are recoverable at all. *Lans*, 252 F.3d at 1328.

### i.    Mobility Workx provided no actual notice

It is undisputed[14] that Mobility Workx did not provide NVIDIA with actual notice of infringement prior to filing this action. Actual notice "requires the affirmative communication of

---

[14] Mobility Workx makes a single, unsupported, throwaway allegation that "[p]rior to … the filing and service of th[e] complaint, Defendant knew of the '508 Patent and the infringing nature of the Accused Handover Products/Services." Dkt. 1 at ¶ 13. This is not true, but the Court need not take NVIDIA at its word. Indeed, even taking Mobility Workx's allegations as true—as the Court should do on a motion to dismiss—Mobility Workx's attempt at alleging prior notice in this way is **exactly** the kind of "naked assertion[] devoid of further factual enhancement" that "will not do" at the pleading stage. *Iqbal*, 556 U.S. at 678.

a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). The Complaint alleges no such communication. Having failed to even allege actual notice, Mobility Workx's ability to recover any pre-suit damages depends entirely on compliance with the marking statute.

> ii.  *Mobility Workx did not plead compliance with the marking requirement*

Mobility Workx likewise fails to plead compliance with § 287(a). Three undisputed facts make the marking requirement unavoidable here:

First, the Complaint contains no allegation—factual or otherwise—that Mobility Workx or its licensees ever marked any product with the Asserted Patents. Second, Mobility Workx and the patents' prior assignee repeatedly asserted apparatus claims of the Asserted Patents in prior litigations against tangible products they identified as practicing those claims. Third, those prior litigations resulted in license agreements through which those same tangible products were licensed. Once licensed, those products became "patented articles" sold "for or under" the patentee within the meaning of § 287(a). *Amsted Indus.*, 24 F.3d at 185. Together, these facts foreclose any plausible claim to pre-suit damages for the '508 Patent. And because the '417 and '330 Patents expired before this lawsuit was filed, Counts II and III—seeking damages on expired patents— must be dismissed in their entirety. *Lans*, 252 F.3d at 1328.

> iii.  *Courts routinely dismiss claims for pre-suit damages at the pleading stage on materially identical facts*

In *VDPP, LLC v. Volkswagen Grp. of Am.*, No. 4:23-cv-02961, 2024 WL 1313899 (S.D. Tex. Mar. 27, 2024), the court explained that an accused infringer bears only an "initial burden to put [the patentee] on notice of its sale of unmarked products." *Id* at *4. Volkswagen satisfied that "low bar" by identifying prior lawsuits in which VDPP asserted apparatus claims against alleged

10

infringers. *Id*. Once the burden shifted, the court found that "VDPP fail[ed] to plead compliance with the § 287(a) marking requirement." *Id.*

The court rejected VDPP's attempt to avoid the statute by claiming that it never made or sold products, holding that argument "irrelevant" absent any showing that VDPP "made reasonable efforts to ensure [its licensees'] compliance with the marking statute." *Id.* The court further held that VDPP could not recover damages after filing suit because "[a] patentee cannot recover damages—equitable or monetary—on an expired patent." *Id.* (citing *Lans*, 252 F.3d at 1328).

The same result follows here. NVIDIA has identified multiple lawsuits in which Mobility Workx asserted the same apparatus claims asserted in this action. *See supra* Section III.b. Mobility Workx nevertheless failed to plead that it or its licensees complied with § 287(a). As a result, Mobility Workx is barred as a matter of law from recovering any pre-suit damages for infringement of any Asserted Patent. *Lans*, 252 F.3d at 1328; *e-Watch*, 2013 WL 5231521, at *3.

NVIDIA has met its burden under Federal Circuit law. Federal Circuit precedent confirms that NVIDIA's burden is minimal. An accused infringer need only meet "an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021) (quoting *Arctic Cat I*, 876 F.3d at 1366). This burden is "not one of persuasion or proof," and is a "***low bar***." *Arctic Cat I*, 876 F.3d at 1368 (emphasis added).

NVIDIA clears that bar. Mobility Workx previously accused at least Motorola, Verizon, AT&T, T-Mobile, Samsung, Cisco, Ericsson, Nokia, Amazon, Spectrum, and Comcast of infringing apparatus claims of the Asserted Patents through identified tangible products— including network emulation equipment, mobile devices, and network components—and then licensed each of those defendants. *See* n.12 *supra*. Once licensed, any products sold under those

licenses became "patented articles" subject to the marking statute. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994) (a licensee "who makes or sells a patented article does so 'for or under' the patentee, thereby limiting the patentee's damage recovery when the patented article is not marked.").

Nor does the presence of method claims alter this analysis. *CXT Sys.*, 2020 WL 9936135, at *5. Where a patent contains both apparatus and method claims, "to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538–39 (Fed. Cir. 1993); *CXT Sys.*, 2020 WL 9936135, at *5 ("The Federal Circuit and other district courts have made clear that once apparatus … claims are asserted, … the requirements of the marking statute are triggered."). Because Mobility Workx's licensees manufactured and sold physical products capable of being marked, Mobility Workx was required to ensure those products were marked to recover pre-suit damages—regardless of claim type. *See Am. Med. Sys.*, 6 F.3d at 1539.

### iv.   Mobility Workx cannot avoid § 287 by claiming non-practicing status

The Federal Circuit recently confirmed that a patentee's non-practicing status "does not relieve it of the duty to ensure that any products made by its licensees that practice its patents are marked, or to explain why [it] does not have such a duty." *Ortiz* 2025 U.S. App. LEXIS 32893, at *9. Mobility Workx has done neither.

Accordingly, Mobility Workx's claim for pre-suit damages on the '508 Patent, and Counts II and III of Mobility Workx's Complaint, should be dismissed in their entirety.

### b.  Because Amendment Would Be Futile, the Court Should Dismiss Mobility Workx's Claims for Pre-Suit Damages with Prejudice

Mobility Workx's failure to comply with the marking statute is fatal and incurable. Having asserted apparatus claims of the Asserted Patents in this action, Mobility Workx cannot evade § 287(a) through post-hoc pleading maneuvers, including withdrawing apparatus claims or reframing its case to assert only method claims. The Federal Circuit has squarely rejected such gamesmanship.

In *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370 (Fed. Cir. 2017), the patentee faced a marking defense based on unmarked products sold by a third-party licensee that practiced an asserted apparatus claim. *Id.* at 1382. In response, the patentee withdrew its apparatus claim, and went so far as to seek a disclaimer at the USPTO. *Id.* The Federal Circuit reversed, holding that "disclaimer cannot serve to retroactively dissolve the § 287(a) marking requirement for a patentee to collect pre-notice damages." Permitting such a tactic, the court explained, would amount to "an end-run around the marking statute … irreconcilable with the statute's purpose" that would "undermine[] the marking statute's public notice function." *Id.* at 1384.

District courts applying *Rembrandt* have reached the same conclusion: amending a complaint to remove apparatus claims does not eliminate a patentee's marking obligations once those claims have been asserted. *See CXT Sys.*, 2020 WL 9936135, at *5; *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 6787356, at *1 (E.D. Tex. Nov. 14, 2018). In short, once the marking statute is triggered, it cannot be undone by artful pleading.

Nor could Mobility Workx cure its defect through amendment. Although leave to amend is discretionary, courts properly deny amendment where it would be futile. *See Stripling v. Jordan*

13

*Prod. Co.*, *LLC*, 234 F.3d 863, 872 (5th Cir. 2000); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999). Amendment is futile where the proposed pleading "'could not survive a motion to dismiss.'" *Amin-Akbari v. City of Austin, Tex.*, 52 F. Supp. 3d 830, 836 (W.D. Tex. 2014) (citing *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010)). And dismissal with prejudice is warranted where amendment cannot cure a legal defect. *See Nix v. Major League Baseball*, 62 F.4th 920, 935 (5th Cir. 2023).

Here, no amendment could relieve Mobility Workx of its marking obligations. Mobility Workx has never alleged—and cannot allege—that it provided NVIDIA with actual notice of infringement prior to filing suit. Nor can it plausibly allege constructive notice. Mobility Workx has never suggested, let alone pled, that it required its numerous licensees—including Motorola, T-Mobile, Verizon, AT&T, Samsung, Cisco, Ericsson, Nokia, Amazon, Dish, Spectrum, and Comcast—to mark the tangible products it previously accused of infringing the same apparatus claims at issue here. Those cases settled. To plead constructive notice now, Mobility Workx would have to allege that it required *all* licensees to mark *substantially all* licensed products with the Asserted Patents and that it enforced that requirement—an allegation flatly inconsistent with its past litigation conduct. *See Arctic Cat II*, 950 F.3d at 864–65; *Arctic Cat I*, 876 F.3d at 1366.[15]

Instead, Mobility Workx chose to avoid the issue altogether by asserting—incorrectly—that "the marking requirement of 35 U.S.C. § 287 does not apply." Dkt. 1 ¶¶ 18, 24, 30. Having

---

[15] NVIDIA notes that it provided Mobility Workx with a clear opportunity to come forward with any evidence, however slight, that it or its licensees attempted to comply with Section 287. On April 20, 2026, NVIDIA sent Mobility Workx a letter identifying numerous licensed products that were unmarked. As of the filing of this Motion, Mobility Workx has not responded.

asserted apparatus claims of the Asserted Patents against NVIDIA, Mobility Workx cannot now plead its way out of § 287(a).

Accordingly, NVIDIA respectfully requests that the Court dismiss Mobility Workx's claims for pre-suit damages **with prejudice**.

## V.    CONCLUSION

For the reasons set forth herein, NVIDIA respectfully requests that this Court grant the instant motion and: (1) dismiss Mobility Workx's claims for pre-suit damages arising from infringement of the '508 Patent with prejudice; and (2) dismiss Count II and Count III for infringement of the '417 and '330 Patents in their entirety with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).


Dated: April 27, 2026                    Respectfully submitted,


                                         */s/ Kathi Vidal*
                                         Kathi Vidal (CA SBN 194971)
                                         kvidal@winston.com
                                         Carson Swope (CA SBN 353352) (*pro hac vice*)
                                         cswope@winston.com
                                         WINSTON & STRAWN LLP
                                         255 Shoreline Drive, Suite 520
                                         Redwood City, CA 94065
                                         Telephone: (650) 858-6500
                                         Facsimile: (650) 858-6559

                                         Brian Nisbet (IL SBN 6300429) (*pro hac vice*)
                                         bnisbet@winston.com
                                         Saranya Raghavan (IL SBN 6321346)
                                         sraghavan@winston.com
                                         WINSTON & STRAWN LLP
                                         300 N. LaSalle Drive
                                         Chicago, IL 60654-3406
                                         Telephone: (312) 558-5600
                                         Facsimile: (312) 558-5700

                                         William M. Logan (TX SBN 24106214)

15

wlogan@winston.com
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX  77002-2925
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**COUNSEL FOR DEFENDANT NVIDIA CORPORATION**

16

## CERTIFICATE OF SERVICE

A copy of this document is being served on counsel of record through the Court's ECF system.

*/s/ Kathi Vidal*

Kathi Vidal