**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

|  |  |
|---|---|
| MOBILITY WORKX, LLC,<br><br>_Plaintiff_,<br><br>**v.**<br><br>NVIDIA CORPORATION,<br><br>_Defendant_. | Case No. 7:26-cv-00050-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT NVIDIA CORPORATION'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.    TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................................... 1

II.    ARGUMENT ......................................................................................................................... 2

    A.    Mobility Workx Is Wrong That NVIDIA Must Identify Practicing Products at the

    Pleading Stage—the Pleading Burden Falls Solely on Mobility Workx. .................................. 2

    B.    Mobility Workx Has Not Pleaded Sufficient Allegations to Show That § 287 Is Either

    Inapplicable or Satisfied. ....................................................................................................... 4

    C.    Mobility Workx's Proposed Amendment Would Be Futile. ............................................. 7

III.    CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ...................................................................................2, 5, 6

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
950 F.3d 860 (Fed. Cir. 2020) .....................................................................................2, 4, 7

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
365 U.S. 336 (1961)............................................................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................................................................5

*Castaneda v. Maxim Healthcare Servs., Inc.*,
No. SA-21-CV-0632-JKP, 2022 WL 21697286 (W.D. Tex. Jan. 11, 2022)..............................5

*GoTV Streaming, LLC v. Netflix, Inc.*,
No. 2:22-cv-07556-RGK-SHK, 2023 WL 4239824 (C.D. Cal. May 24, 2023),
*rev'd on other grounds*, 166 F.4th 1053 (Fed. Cir. 2026) .............................................6

*Martinez v. Nueces County*,
71 F.4th 385 (5th Cir. 2023)............................................................................................8

*Maxwell v. J. Baker, Inc.*,
86 F.3d 1098 (Fed. Cir. 1996) ......................................................................................2, 6

*Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*,
No. 2024-1783, 2025 WL 3653227 (Fed. Cir. Dec. 17, 2025) ...........................................2, 3

*Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*,
No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ....................................5

*Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*,
No. 21 C 2104, 2022 WL 157491 (N.D. Ill. Jan. 18, 2022)....................................................3

*Rhodes v. Prince*,
360 F. App'x 555 (5th Cir. 2010).....................................................................................4

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
2020 WL 5500238 (N.D. Tex. Sept. 11, 2020) ......................................................................8

*VDDP, LLC v. Volkswagen Grp. of Am., Inc.*,
   2024 WL 3378456 (S.D. Tex. July 11, 2024) ...........................................................................6

**Statutes**

35 U.S.C. § 287...................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8.........................................................................................................1, 3

Fed. R. Civ. P. 11.........................................................................................................5, 7

## I.    INTRODUCTION

Mobility Workx's Opposition sidesteps the fundamental defect in its Complaint: the absence of facts plausibly showing that § 287 is satisfied or inapplicable. Its argument that it can avoid the marking requirement through a conclusory assertion fails for two independent reasons.

First, Mobility Workx improperly shifts the pleading burden. It suggests that NVIDIA must identify allegedly practicing products before Mobility Workx can plead that § 287 does not apply. That conflates what must be pleaded to survive a motion to dismiss with how marking is ultimately proven. At this stage, NVIDIA has no obligation to identify unmarked products. Mobility Workx bears the burden of pleading facts plausibly showing either compliance with § 287 or that it does not apply. Mobility Workx has done neither, offering only a conclusory legal assertion.

Second, Mobility Workx identifies no factual allegations in its Complaint that could support its bare legal assertion that "the marking requirement does not apply." Instead, it speculates that facts *might* exist that would excuse compliance—for example, unidentified license provisions or the possibility that none of its licensees practice the asserted patents. But speculation is not pleading. Mobility Workx cannot avoid pleading facts that would support its position while preserving the ability to advance inconsistent theories later. Rule 8 does not permit that approach: A plaintiff cannot proceed by withholding the factual allegations necessary to state a claim while relying on the possibility that such facts might exist to survive a motion to dismiss.

Because Mobility Workx identifies neither existing allegations that would support a finding that § 287 is satisfied or inapplicable, nor any plausible allegations it could add through amendment, it cannot carry its pleading burden. Dismissal with prejudice is warranted.

## II.    ARGUMENT

### A. Mobility Workx Is Wrong That NVIDIA Must Identify Practicing Products at the Pleading Stage—the Pleading Burden Falls Solely on Mobility Workx.

Mobility Workx has the burden of pleading sufficient facts to support its bare legal conclusion that § 287 does not apply. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("[patentee] had the burden of pleading . . . that [they] complied with the statutory requirements [of § 287]"); *Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 2024-1783, 2025 WL 3653227, at *4 (Fed. Cir. Dec. 17, 2025) ("[T]he fact that Ortiz does not make and sell products ***does not relieve it of the duty to*** . . . ***explain <u>why</u> he does not have such a duty***."[1]).

Contrary to Mobility Workx's argument (Dkt. 21 at 8-9), neither *Arctic Cat I* nor *Arctic Cat II* relieves Mobility Workx of that burden. *Arctic Cat I* clarifies that once a case reaches the evidentiary stage, NVIDIA has a burden of production to identify unmarked products, and Mobility Workx has the burden of proof for showing that those products were marked or do not practice. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). But *Arctic Cat I* also reaffirms that to reach the evidentiary stage, Mobility Workx first bears the burden of pleading compliance with § 287. *Id.* ("***The patentee bears the burden of pleading*** and proving he complied with § 287(a)'s marking requirement."). For its part, *Arctic Cat II* confirms that the patentee's burden extends to licensed products, such that licensors like Mobility Workx must show "reasonable efforts to ensure third parties' compliance with the marking statute." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*") (discussing the "rule of reason").

---

[1] All emphases are added unless explicitly noted otherwise.

Neither case supports Mobility Workx's mistaken suggestion that NVIDIA's burden of production at the evidentiary stage, or the rule of reason, relieves Mobility Workx of its obligation to plead plausible compliance with § 287 or facts showing that the statute does not apply. To the contrary, Mobility Workx must first plead sufficient factual allegations to state a plausible claim for pre-suit damages, including that § 287 is inapplicable or satisfied. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a bare legal conclusion "does not unlock the doors of discovery"); *Ortiz*, 2025 WL 3653227, at \*4; *Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*, No. 21 C 2104, 2022 WL 157491, at \*2–3 (N.D. Ill. Jan. 18, 2022) (collecting cases). Put differently, NVIDIA is not obligated to identify specific patent-practicing products yet because the *Arctic Cat* burden of production is an evidentiary construct that does not apply until Mobility Workx satisfies its Rule 8 pleading obligations. Indeed, Mobility Workx appeared to recognize this pleading obligation when it filed the Complaint—it simply failed to meet it. The Complaint includes three substantively identical allegations addressing § 287: "Mobility Workx is entitled to pre-suit damages for infringement of the [asserted patent] because the marking requirement of 35 U.S.C. § 287 does not apply." Dkt. 1 ¶¶ 18, 24, 30. Those statements are exactly the kind of bare legal conclusions that cannot satisfy a plaintiff's burden on the pleadings. *Iqbal*, 556 U.S. at 678; *Ortiz*, 2025 WL 3653227, at \*4; *Pipp Mobile Storage Sys.*, 2022 WL 157491, at \*2–3.

Mobility Workx is also wrong that NVIDIA is asking the Court to adopt a bright-line rule. Dkt. 21 at 6-7. NVIDIA asks only that the Court apply ordinary pleading principles, which require Mobility Workx to allege plausible facts sufficient to show that § 287 is either inapplicable or satisfied. *Iqbal*, 556 U.S. at 677–79; *Ortiz*, 2025 WL 3653227, at \*4; *Pipp Mobile Storage Sys.*, 2022 WL 157491, at \*2–3. Mobility Workx has failed to carry that burden.

3

**B. Mobility Workx Has Not Pleaded Sufficient Allegations to Show That § 287 Is Either Inapplicable or Satisfied.**

Mobility Workx's pleading failure is evident from its own briefing. Its Opposition offers no meaningful defense of the Complaint's allegations regarding § 287. Instead, the only allegations it identifies are the three conclusory statements that "Mobility Workx is entitled to pre-suit damages for infringement of the [asserted patent] because the marking requirement of 35 U.S.C. § 287 does not apply." Dkt. 1 ¶¶ 18, 24, 30; Dkt. 21 at 1. Absent supporting facts, those statements are naked legal conclusions that the Court need not accept as true and should not credit. *Iqbal*, 556 U.S. at 664, 678 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."); *Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010) (applying *Iqbal* and disregarding legal conclusions). Once those conclusions are set aside, nothing remains to support Mobility Workx's claim for pre-suit damages.

Recognizing that the Complaint itself offers no support, Mobility Workx devotes much of its Opposition to arguing that facts *might* exist to excuse or demonstrate compliance with § 287, without identifying any such facts with particularity. Instead, it argues only that the particular products NVIDIA identified as examples in its motion to dismiss do not qualify as "patented articles," Dkt. 21 at 9, and that NVIDIA has not identified specific licensing provisions— provisions uniquely within Mobility Workx's possession, *id.* at 5.[2] This coyness undercuts

---

[2] Mobility Workx suggests that some "licensed products" may be components that, standing alone, do not embody every limitation of a patent claim and therefore are not "patented articles" subject to marking. Dkt. 21 at 12. This argument, again, misstates the law. A component "especially made or especially adapted for use in" a patented combination, with no substantial non-infringing use, may itself trigger marking obligations. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 344–45 (1961). A product cannot evade § 287 simply because it does not, in isolation, practice every claim limitation where its only substantial use is in practicing the patented invention. Even setting aside that legal error, this argument fails to relieve Mobility Workx of its pleading burden. If *any* licensed, unmarked product practicing the asserted patents reached the public, Mobility Workx is barred from recovering pre-suit damages. *See Arctic Cat II*, 950 F.3d at 864. The Complaint contains no allegation that no such products exist or were distributed, and the

Mobility Workx's position. It had the burden to address these exact types of facts in its pleading because marking involves "matter[s] peculiarly within [the patentee's] own knowledge." *Arctic Cat I*, 876 F.3d at 1366. That Mobility Workx will not say plainly whether such exculpatory licensing provisions exist, or whether none of its licensees have practiced the purported inventions—much less offer to plead corresponding allegations consistent with its good-faith obligations under Rule 11—underscores the deficiencies in its current pleading and confirms that it cannot cure them.

The law does not allow Mobility Workx to avoid its pleading obligations by suggesting— in an opposition to a motion to dismiss—that evidence ***might*** exist to support its bare legal conclusion that § 287 does not apply. As an initial matter, none of that speculation is even pled in Mobility Workx's Complaint. But in any event, a plaintiff cannot meet the plausibility requirement by merely speculating on what is possible. Instead, plausible pleading requires sufficient factual content to "nudge[] the[] claims across the line from conceivable to plausible." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-00791-N, 2023 WL 7184042, at *1 (N.D. Tex. Nov. 1, 2023) ("[A] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 545); *Castaneda v. Maxim Healthcare Servs., Inc.,* No. SA-21-CV-0632-JKP, 2022 WL 21697286, at *2 (W.D. Tex. Jan. 11, 2022) ("To state a claim, a plaintiff must present more than speculation or conjecture."). If Mobility Workx cannot allege facts supporting the inferences it floats in its Opposition, it cannot state a plausible claim entitling it to pursue pre-suit damages.

---

Opposition suggests at most that ***some*** licensed products may not practice the patents. That is insufficient to establish that § 287 does not apply.

Mobility Workx's reliance on *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098 (Fed. Cir. 1996) is misplaced. Dkt. 21 at 6. That case undermines its position. Mobility Workx invokes *Maxwell*'s "rule of reason" standard to suggest that factual issues preclude dismissal, but it ignores what *Maxwell* says about pleading. The Federal Circuit held that the patent owner "**had the burden of pleading** and proving at trial that [they] complied with the statutory requirements" of § 287. *Maxwell*, 86 F.3d at 1111. Far from excusing Mobility Workx's failure to plead compliance with § 287, *Maxwell* confirms that the burden of pleading rests squarely with the patentee. The "rule of reason" concerns how compliance is *proven*—it does not relieve a patentee of its threshold obligation to **plead** facts supporting the inference that § 287 is inapplicable or satisfied. Because Mobility Workx has failed to meet that burden, *Maxwell* supports dismissal, not denial.

Nor does *GoTV Streaming* suggest a different outcome. There, another district court held that the plaintiff need not plead compliance because it represented that it "never made or sold any patented products." *GoTV Streaming, LLC v. Netflix, Inc.*, No. 2:22-cv-07556-RGK-SHK, 2023 WL 4239824, at *6 (C.D. Cal. May 24, 2023), *rev'd on other grounds*, 166 F.4th 1053 (Fed. Cir. 2026). Here, by contrast, Mobility Workx admits to licensing activity through settlements in other cases and has carefully avoided representing that its licensees have not practiced the asserted patents, nor that it has taken any specific reasonable efforts to ensure that its licensees comply with § 287. Dkt. 16 at 7. *But see Arctic Cat I*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (requiring reasonable efforts for licensee compliance); *VDDP, LLC v. Volkswagen Grp. of Am., Inc.*, 2024 WL 3378456, at *3 (S.D. Tex. July 11, 2024) ("*Volkswagen II*") (same).

In short, Mobility Workx has not plausibly alleged that § 287 is inapplicable or satisfied. Its claim for pre-suit damages therefore fails, and the Court should dismiss it.

6

## C. Mobility Workx's Proposed Amendment Would Be Futile.

Mobility Workx's Opposition also confirms that amendment would be futile. Although it requests leave to amend, the only amendment Mobility Workx proposes is to "assert that neither Mobility nor any of its licensees sell any articles covered by any or all of the asserted patents." Dkt. 21 at 13. That proposal fails for at least two reasons.

First, even taking the proposed amendment as true, it is framed to avoid addressing past conduct. It leaves open the possibility that Mobility Workx's licensees previously sold patent-practicing articles. That omission is dispositive. If licensees sold such unmarked articles and Mobility Workx did not make reasonable efforts to ensure marking, § 287 bars recovery of pre-suit damages—even if those sales later ceased. *See Arctic Cat II*, 950 F.3d at 864. The proposed amendment is therefore legally insufficient on its face.

Second, the Opposition underscores that Mobility Workx cannot plausibly allege either that its licensees have not sold patent-practicing products nor that it made reasonable efforts to ensure compliance with the marking statute. Mobility Workx had an obligation under the Federal Rules to conduct a good-faith investigation before filing its Complaint. Yet even now, in its Opposition, it declines to state that there are no practicing products or that its licenses require licensees to mark. Instead, it argues only that the particular products NVIDIA identified as examples in its motion to dismiss do not qualify as "practicing products," Dkt. 21 at 9, and that NVIDIA has not identified specific licensing provisions—provisions uniquely within Mobility Workx's possession, *id.* at 5.

This studied ambiguity confirms the futility of amendment. It is not NVIDIA's burden to supply the missing facts; it is Mobility Workx's burden to allege them. If Mobility Workx could, consistent with Rule 11, allege facts satisfying § 287, it would have done so already—or at least committed to doing so in its Opposition. Instead, it avoids committing to factual allegations that

would establish § 287's inapplicability while preserving the ability to pursue inconsistent theories. This case therefore resembles *Martinez*, in which the district court denied leave because a proposed amendment would be futile. *Martinez v. Nueces County*, 71 F.4th 385, 391 (5th Cir. 2023). It does not resemble *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, in which the court granted leave without a proposed amendment to evaluate. 2020 WL 5500238, at *9 (N.D. Tex. Sept. 11, 2020).

Having identified no plausible facts it can allege to satisfy § 287, Mobility Workx is not entitled to another opportunity to plead—and the Court should therefore dismiss its claim for pre-suit damages with prejudice.

## III.     CONCLUSION

For these reasons, NVIDIA respectfully requests that the Court dismiss Mobility Workx's claim for pre-suit damages with prejudice.

Dated: June 22, 2026                         Respectfully submitted,


                                             */s/ William M. Logan*
                                             Kathi Vidal (CA SBN 194971) (*pro hac vice*)
                                             kathi.vidal@winstontaylor.com
                                             Carson Swope (CA SBN 353352) (*pro hac vice*)
                                             carson.swope@winstontaylor.com
                                             Winston Taylor LLP
                                             255 Shoreline Drive, Suite 520
                                             Redwood City, CA 94065
                                             Telephone: (650) 858-6500
                                             Facsimile: (650) 858-6559

                                             William M. Logan (TX SBN 24106214)
                                             william.logan@winstontaylor.com
                                             Winston Taylor LLP
                                             800 Capitol St., Suite 2400
                                             Houston, TX  77002-2925
                                             Telephone: (713) 651-2600
                                             Facsimile:  (713) 651-2700

                                             **COUNSEL FOR DEFENDANT NVIDIA
                                             CORPORATION**

9

## **CERTIFICATE OF SERVICE**

A copy of this document is being served on counsel of record through the Court's ECF system.

Dated: June 22, 2026

*/s/ William M. Logan*
William M. Logan